UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY LNU, NANCY J. GARDNER,
and DONALD M. GARDNER,

        Plaintiffs,                          No. 15-12900

v.                                      District Judge Avern Cohn
                                         Magistrate Judge R. Steven Whalen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, ET AL.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

      This is essentially a mortgage foreclosure case. On August 14, 2014, the Plaintiffs, who identify themselves as "Agent Nancy on behalf of Nancy J. Gardner and Don on behalf of Donald M. Gardner," filed a *pro se* civil complaint concerning real property that was previously foreclosed upon under Michigan law, sold at a Sheriff's sale, and transferred to Defendant Federal National Mortgage Association ("Fannie Mae"). Before the Court is Plaintiffs' Motion for Injunction [Doc. #3], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Because Plaintiffs have not shown a strong likelihood of success on the merits of, I recommend that their motion for injunction be DENIED.

### I.   FACTS

      Plaintiffs' complaint is a bit rambling, but appears to allege that Defendant Fannie Mae refused to accept payment for the mortgage debt that Plaintiffs owed. Plaintiffs cite several provisions of Article III of the Uniform Commercial Code.

      Plaintiffs have engaged in a number of actions in Michigan Courts, this Court, the

Sixth Circuit, and the Bankruptcy Court for the Eastern District of Michigan, all concerning the real property that is the subject of the present suit. Plaintiffs filed a previous suit in State court that was removed to this Court, *Nancy Gardner v. Quicken Loans, et al.*, E.D. Mich. No. 13-12720.  The defendants in that case were Quicken Loans (the assignee of the mortgage), Flagstar Bank (the original mortgagee), and Potestivo & Associates (the Defendants' attorney). In that case, the Plaintiffs sought to set aside the foreclosure on numerous grounds, including non-compliance with Article III of the UCC, Defendants' lack of standing to foreclose, violation of the Real Estate Settlement Procedures Act, and non-enforceability of a "contract of adhesion."  On August 27, 2013, this Court granted the Defendants' motion to dismiss. *Id*, Dkt. #22.  On June 2, 2014, the Sixth Circuit affirmed the dismissal. *Id*., Dkt. #26.

On September 18, 2014, the 72nd District Court in Port Huron, Michigan, gave a judgment of possession to Fannie Mae. On February 20, 2015, Plaintiffs filed a declaratory judgment action regarding the property in the St. Clair County Circuit Court, naming as Defendants Fannie Mae, Potestivo & Associates, and Flagstar Bank.  Part of that action was based on an ersatz "claim of lien," also part of the basis of the present action.  On June 29, 2015, St. Clair County Circuit Court Daniel J. Kelly granted the Defendants' motion to dismiss, and the "claim of lien" recorded on May 8, 2015 was ruled invalid discharged, and released.[1]

In their motion for injunction, Plaintiffs seek to forestall eviction.

---

[1] Plaintiffs have submitted the May 8, 2015 "claim of lien" as Attachment A to the present motion.

## II.   STANDARD OF REVIEW

In determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002);  *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).  "These factors are not prerequisites, but are factors that are to be balanced against each other."  *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success is the predominant consideration.  Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000);   *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. A preliminary injunction or TRO is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Id.; Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  The level of proof required for the Plaintiff to obtain a preliminary injunction or TRO "is much more stringent than the proof required to survive a summary judgment motion."  *Id.*

### III.   DISCUSSION

Plaintiffs have little likelihood of success. Their claims will likely be barred by the doctrine of res judicata: they were or could have been raised in the actions that this Court and the St. Clair County Circuit Courts previously dismissed.

Plaintiffs claims in this case are based on Michigan law.  Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan  requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies.  *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997).  "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same.  *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

Federal res judicata invokes a similar analysis: (1) a final judgment on the merits of the earlier action; (2) the claims asserted in both suits are sufficiently related and founded upon the same transaction, arise out of the same nucleus of operative facts, and seek redress for essentially the same basic wrong; and (3) both actions involve the same

parties or their privies. *Coleman v. Martin*, 363 F. Supp. 2d 894, 901 (E.D. Mich. 2005), citing *Kale v. Combined Insurance Co. of America*, 924 F.2d 1161, 1165 (1st Cir.1991).

In both the prior federal case and the St. Clair County case, there was a final determination on the merits, satisfying the first prong of both state and federal res judicata. The claims in this case and in the previous cases are all related to the same nucleus of facts and they seek redress from the same basic alleged wrong, i.e., the mortgage foreclosure and sale, and the eviction from the property. All of the claims in the current case either were or could have been raised in the previous cases. For example, the "notice of lien" that Plaintiffs have submitted with the present case was specifically ruled unenforceable, and was discharged in the St. Clair County action. And in the previous federal case, both this Court and the Sixth Circuit rejected the Plaintiffs' claims under the UCC.[2] Thus, the second prong of both state and federal res judicata are met. Moving to the third prong, all of the actions involve the same parties or their privies. It is therefore likely that Plaintiffs' complaint will be dismissed based on res judicata.[3]

In addition, to the extent that Plaintiffs base their current claim on the "notice of lien" that the State Court ruled uneforceable, it would be barred under the Rooker-Feldman doctrine.  Rooker-Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. §1257.  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005).  *Exxon Mobil* held as follows:

---

[2] As this Court and the Sixth Circuit held in the previous cases, the UCC is not applicable to mortgage foreclosures. *See Schare v. Mortgage Electronic Registration Systems*, 2012 WL 2031958, at *2 (E.D. Mich. 2012); *Jaboro v. Wells Fargo Bank, NA*, 2010 WL 5296939, at *6 (E.D. Mich. 2010).

[3] The January 28, 2015 St. Clair County Circuit Court Opinion also rejected Plaintiffs' claims on the basis of res judicata and collateral estoppel.

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284.

Under Rooker-Feldman, this Court does not have the authority to, in effect, hear the appeal of the St. Clair County Circuit Court's June 29, 2015 decision.

Defendants have filed a motion to dismiss, which is pending [Doc. #10].[4] Plaintiffs have not met their burden of showing a substantial likelihood of prevailing on that motion, much less on winning this case. Indeed, given the extreme unlikelihood that Plaintiffs will prevail, and the importance of this factor in the analysis of a motion for injunctive relief, it is not necessary to discuss the other factors. *Gonzales, supra*. Plaintiff's motion should be denied.

## IV.    CONCLUSION

For these reasons, I recommend that Plaintiffs' Motion for Injunction [Doc. #3] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis*

---

[4] The previous state and federal court orders are attached as exhibits to Defendants' motion to dismiss.

*v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 29, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager to the<br>
Honorable R. Steven Whalen