UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY LNU, NANCY J. GARDNER,
and DONALD M. GARDNER,

    Plaintiffs,                                      Case No. 15-12900

v.                                                      HON. AVERN COHN

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, ET AL.,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFFS' OBJECTIONS (Doc. 26)
## AND ADOPTING REPORT AND RECOMMENDATION (Doc. 25)
## AND
## DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION (Doc. 3)

I.

This is essentially a mortgage foreclosure case. In August of 2015, plaintiffs, who identify themselves as "Agent Nancy on behalf of Nancy J. Gardner and Don on behalf of Donald M. Gardner," filed a pro se civil complaint concerning real property that was previously foreclosed on under Michigan law, sold at a Sheriff's sale, and transferred to defendant Federal National Mortgage Association (Fannie Mae). The matter was referred to a magistrate judge for pretrial proceedings. See Doc. 6.

Plaintiffs filed a Motion for Injunction. (Doc. 3). The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be denied because plaintiffs have not demonstrated a likelihood of success on the merits. (Doc. 25). Before the Court are plaintiffs' objections to the MJRR. (Doc. 26). For the reasons that

follow, plaintiffs' objections will be overruled, the MJRR will be adopted, and plaintiffs' motion will be denied.

II.

The MJRR sets for the background facts, consisting of plaintiffs' many and varied efforts to stop foreclosure and eviction proceedings. Briefly, in September of 2014, after unsuccessful actions filed in state and federal court relating to foreclosure proceedings, a state court granted Fannie Mae a judgment of possession. Plaintiffs then sued Fannie Mae and others in a declaratory judgment action to halt the eviction; the state court dismissed plaintiffs' action in June of 2015. Plaintiffs then filed the instant action in federal court, challenging the eviction process. Plaintiffs also filed a motion for injunction, seeking to halt the eviction.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been

presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991)

IV.

The Court has reviewed plaintiffs' objections. Plaintiffs essentially repeat the arguments considered and rejected by the magistrate judge. The magistrate judge correctly concluded that plaintiffs' claims are likely barred by res judicata and Rooker-Feldman based on their prior lawsuits challenging the foreclosure and eviction proceedings.[1] As such, plaintiffs failed to show a likelihood of success on their claims which is essential in order to obtain an injunction.

Accordingly, plaintiffs' objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Plaintiffs' motion for injunction is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 16, 2016
Detroit, Michigan

---

[1] Defendants have filed a motion to dismiss on these grounds (Doc. 10), which is still pending before the magistrate judge.