UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY LNU, NANCY J. GARDNER,
and DONALD M. GARDNER,

      Plaintiffs,                          No. 15-12900

v.                                          District Judge Avern Cohn
                                               Magistrate Judge R. Steven Whalen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, ET AL.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This is essentially a mortgage foreclosure case. On August 14, 2015, the Plaintiffs, who identify themselves as "Agent Nancy on behalf of Nancy J. Gardner and Don on behalf of Donald M. Gardner," filed a *pro se* civil complaint concerning real property that was previously foreclosed upon under Michigan law, sold at a Sheriff's sale, and transferred to Defendant Federal National Mortgage Association ("Fannie Mae"). On March 16, 2016, the District Court adopted my recommendation to deny Plaintiffs' Motion for Injunction on the basis that Plaintiffs had not shown a strong likelihood of success on the merits of the case. *Docket #27*.

      Presently before the Court is Defendants Fannie Mae and Postestivo & Associates, P.C.'s ("P&A's") Motion to Dismiss [Docket #10] which has been referred for a Report

-1-

and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons set for below, I recommend that the motion be GRANTED as to the motion to dismiss and DENIED as to the motion for for costs and fees. I recommend further that Plaintiffs be required to obtain leave of the Court before filing future complaints.

## I. FACTS

Plaintiffs' complaint appears to allege that Defendant Fannie Mae refused to accept payment for the mortgage debt that Plaintiffs owed. Plaintiffs cite several provisions of Article III of the Uniform Commercial Code.

Plaintiffs have engaged in a number of actions in Michigan Courts, this Court, the Sixth Circuit, and the Bankruptcy Court for the Eastern District of Michigan, all concerning the real property that is the subject of the present suit. Plaintiffs filed a previous suit in State court that was removed to this Court, *Nancy Gardner v. Quicken Loans, et al.*, E.D. Mich. Case No. 13-12720. The defendants in that case were Quicken Loans (the assignee of the mortgage), Flagstar Bank (the original mortgagee), and P&A (the defendants' attorney). In that case, the Plaintiffs sought to set aside the foreclosure on numerous grounds, including non-compliance with Article III of the UCC, the defendants' lack of standing to foreclose, violation of the Real Estate Settlement Procedures Act, and non-enforceability of a "contract of adhesion." On August 27, 2013, this Court granted the defendants' motion to dismiss. *Id*, Dkt. #22. On June 2, 2014, the Sixth Circuit affirmed the dismissal. *Id*., Dkt. #26.

On September 18, 2014, the 72nd District Court in Port Huron, Michigan, gave a judgment of possession to Fannie Mae. On February 20, 2015, Plaintiffs filed a declaratory judgment action regarding the property in the St. Clair County Circuit Court, naming as defendants Fannie Mae, P&A, and Flagstar Bank. Part of that action was based on an ersatz "claim of lien," also part of the basis of the present action. On June 29, 2015, St. Clair County Circuit Court Judge Daniel J. Kelly granted the defendants' motion to dismiss, and the "claim of lien" recorded on May 8, 2015 was ruled invalid discharged, and released.

On June 26, 2015, three days before Judge Kelly granted the defendants' motion to dismiss, Plaintiff filed another action in St. Clair County Circuit Court against "Chief Executive Officers of the United States of America," Flagstar, Quicken Loans, Fannie Mae, P&A, the St. Clair County Sheriff, and the State of Michigan, again alleging she was entitled to foreclose on a lien against Defendants. *Defendants' Brief* at 8, *Exhibit 25*.

On September 30, 2015, St. Clair County Circuit Court Judge Michael L. West granted the defendants' motion to dismiss, finding that "[a]t this point, based upon the history of litigation between the parties, all of Plaintiff's right, title or interest in the property has been extinguished by the foreclosure sale and Plaintiff's failure to redeem." *Opinion and Order,* 7, Case no. 15-001505-CH. Judge West determined further:

> At the present time, no possible factual development will support the claim Plaintiff makes in her complaint to foreclose the May 8, 2015 lien. Judge Kelly's order discharging the lien, which is a matter of public record, also supports Defendants' motion brought pursuant to M.C.R. 2.116(C)(10) as no genuine issue of material fact exists regarding the status of the claim of lien. Plaintiff has no present right, title or interest in the real estate that is in dispute.

In Plaintiff's action to proceed, Plaintiff must be able to allege at least some color of validity for the lien she seeks to enforce. She cannot do so. *Id.* at 7-8.

Judge West determined that the June 26, 2015 action was barred by the doctrine of *res judicata*.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

**A.  Plaintiffs' Current Claims are Barred by *Res Judicata* and Collateral Estoppel**

Defendants argue correctly that the current action is barred by both the doctrine of *res judicata* and collateral estoppel. *Defendants' Brief* at 11-16.

Plaintiffs' claims related to the underlying foreclosure action are based on Michigan law. Michigan has adopted a broad application of the doctrine of *res judicata* which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App.

389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of *res judicata* in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

Federal *res judicata* invokes a similar analysis: (1) a final judgment on the merits of the earlier action; (2) the claims asserted in both suits are sufficiently related and founded upon the same transaction, arise out of the same nucleus of operative facts, and seek redress for essentially the same basic wrong; and (3) both actions involve the same parties or their privies. *Coleman v. Martin*, 363 F. Supp. 2d 894, 901 (E.D. Mich. 2005), citing *Kale v. Combined Insurance Co. of America*, 924 F.2d 1161, 1165 (1st Cir.1991).

In both the prior federal case and the St. Clair County cases, there was a final determination on the merits, satisfying the first prong of both state and federal res judicata. The claims in this case and in the previous cases are all related to the same nucleus of facts

and they seek redress from the same basic alleged wrong, *i.e.*, the mortgage foreclosure and sale, and the eviction from the property. All of the claims in the current case either were or could have been raised in the previous cases. Specifically, the "notice of lien" that Plaintiffs have submitted with the present case was specifically ruled unenforceable, and was discharged in the St. Clair County actions. And in the previous federal case, both this Court and the Sixth Circuit rejected the Plaintiffs' claims under the UCC.[1] Thus, the second prong of both state and federal *res judicata* are met. Moving to the third prong, all of the actions involve the same parties or their privies. Standing alone, the September 30, 2015 dismissal of current Defendants Fannie Mae and P&A by St. Clair Circuit Court Judge West satisfies the third requirement for dismissal on the basis of *res judicata.*[2]

For overlapping reasons, the action is barred by collateral estoppel. In Michigan, the application of collateral estoppel requires the following: "(1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'" *Gilbert v. Ferry*, 413 F.3d 578, 580–82

---

[1] As this Court and the Sixth Circuit held in the previous cases, the UCC is not applicable to mortgage foreclosures. *See Schare v. Mortgage Electronic Registration Systems*, 2012 WL 2031958, at *2 (E.D. Mich. 2012); *Jaboro v. Wells Fargo Bank, NA*, 2010 WL 5296939, at *6 (E.D. Mich. 2010).

[2] Notably, the January 28, 2015 St. Clair County Circuit Court Opinion also rejected Plaintiffs' claims on the basis of *res judicata* and collateral estoppel.

(6th Cir.2005) (citations omitted).[3] Because the issues raised here have been litigated and determined and Plaintiffs have been given (numerous) full and fair opportunities to litigate the current issues, the claims are subject to dismissal pursuant to collateral estoppel.

Furthermore, as I noted in my earlier recommendation, to the extent that Plaintiffs base their current claim on the "notice of lien" that the State Court ruled unenforceable, it would be barred under the Rooker Feldman doctrine. Rooker Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. §1257. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). *Exxon Mobil* held as follows:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284.

Under Rooker Feldman, this Court does not have the authority to, in effect, hear the appeal of the St. Clair County Circuit Court's June 29, 2015 or September 30, 2015 decisions.

**B. The Motion For Attorney's Fees and Costs under Rule 11 Should be Denied**

---

[3] Although not applicable here, the Michigan Supreme Court has rejected the mutuality requirement for the defensive use of collateral estoppel. *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 677 N.W.2d 843, 850–52 (2004); *see also Moses v. Dep't of Corr.*, 274 Mich.App. 481, 736 N.W.2d 269, 283 (2007) (acknowledging that *Monat* dissolved the mutuality requirement for defensive collateral estoppel).

Defendants also contend that they are entitled to Fees and Costs under Fed. R. Civ. P. 11(b). They argue that "[t]hrough now six lawsuits and five appeals, [they] have needlessly expended time and money to defendant Plaintiffs' onslaught of frivolous complaints and defenses." *Defendants' Brief* at 16-17.

"The remedial purpose of Rule 11 is to require attorneys, as well as pro se litigants, to 'stop, look, and listen' before instituting a lawsuit or submitting a filing to the court." *Hiles v. Mortgage*, 2016 WL 454895, *3 (S.D.Ohio February 5, 2016)(*citing Schmidt v. Nat'l City Corp.,* 2008 WL 4057753, *4 (E.D. Tenn. Aug. 26, 2008)). Rule 11(b) states in pertinent part that in the act of filing, signing, "or later advocating" for "a pleading, motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> The same Rule "also provides procedural requirements that *must* be followed before

sanctions can be imposed." *Shamoun v. Federal Nat. Mortg. Ass'n,* 2013 WL 2237906, *9 (E.D.Mich. May 21, 2013). Among the requirements is a two-step process under 11(c)(2) of the rule, "known as the 'safe harbor' provision" which requires the party intending to make a motion for sanctions "to 'first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court.'" *Shamoun* at *9 (*citing Ridder v. City of Southfield,* 109 F.3d 288, 293–94 (6th Cir.1997)). "This two-step procedure allows the opposing party twenty-one days to withdraw the challenged paper, claim, allegation, etc., and thus avoid Rule 11 sanctions." *Id.* (*citing Ridder* at 294).

Defendants have not applied the two-step safe harbor procedure under subdivision (c)(1)(A) but instead, request that the Court issue a show cause order under its own authority. *Defendants' Brief* at 17. A Court may impose sanctions *sua sponte* "after notice and a reasonable opportunity to respond." Rule 11(c)(1)(3).

The Court declines to impose sanctions. First, Defendants have not applied the two-step safe harbor procedure or made the request for sanctions in a separate motion which are both required by subsection (c)(2). Defendants' request for the Court to impose sanctions "*sua sponte*" under (c)(3) amounts to an end run around the safe harbor requirements of (c)(2) for parties seeking sanctions. Further, given that Plaintiffs are proceeding *pro se* and *in forma pauperis*, the sanction of costs and fees is inappropriate. *See Hiles* (declining to impose sanctions but enjoining the plaintiff from filing any additional motions without leave

of Court).

Notably, Defendants have not requested that Plaintiffs be required to obtain leave of the Court before filing future complaints. However, there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998). Given current Plaintiffs' history of repetitive and vexatious litigation, I recommend that they be required to obtain leave of the Court before filing future complaints.

## IV. CONCLUSION

For these reasons, I recommend that the Defendants' motion [Doc. #10] be GRANTED as to the request to dismiss and DENIED as to the motion for costs and fees. I recommend further that Plaintiffs be required to obtain leave of the Court before filing future complaints.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections

a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2016


### CERTIFICATE OF SERVICE

I hereby certify on August 26, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants August 26, 2016.

                                        s/Carolyn M. Ciesla
                                        Case Manager for the
                                        Honorable R. Steven Whalen

Dated: August 26, 2016