EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY LNU, NANCY J. GARDNER,
and DONALD M. GARDNER,

            Plaintiffs,                      No. 15-12900

v.                                  District Judge Avern Cohn
                                  Magistrate Judge R. Steven Whalen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, ET AL.,

            Defendants.
_____/

### ORDER RE: Doc. #16, #17, and #24

This is a mortgage foreclosure case.  On August 14, 2015, the

Plaintiffs, who identify themselves as "Agent Nancy on behalf of Nancy J. Gardner and

Don on behalf of Donald M. Gardner," filed a *pro se* civil complaint concerning real

property that was previously foreclosed upon under Michigan law, sold at a Sheriff's sale,

and transferred to Defendant Federal National Mortgage Association ("Fannie Mae").  On

August 26, 2016, I filed a Report and Recommendation, recommending that Defendants

Fannie Mae and Potestivo and Associates, P.C. ("P&A") be dismissed under Fed.R.Civ.P.

12(b)(6) [Doc. #29].  Plaintiffs have filed the following self-styled motions:

      (1) "Motion challenging capacity to be sued per Federal Rules of Civil
      Procedure Rule 17(b)(2)(d)." [Doc. #16]

      (2) "Motion challenging authority, signature and legal existence per US Fed

Rules Civ Proc Rules 7.1, 9(a)(2) and 11(a)." [Doc. #17]

(3) "Motion to strike Chantell R. Neumann's Doc. 23 motion and brief from the record." [Doc. #24]

Plaintiffs' motions are completely devoid of merit.

### A.    Doc. #16

In their "motion challenging capacity to be sued" [Doc. #16], Plaintiffs cite Fed.R.Civ.P. 17(b)(2)(d), which does not exist. It appears that they are relying on Rule 17(d), which states:

> "A public officer who sues or is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

Plaintiffs ask the Court to issues summonses "to Federal National Mortgage Association and its CEO in their official federal instrumentality capacity." *Motion* [Doc. #16], p. 3, ¶ 2(a). They also ask the Court to order "proper representation" to Fannie Mae and its CEO. *Id*. ¶ 2(b).

As Defendants cogently observe, the CEO of Fannie Mae is not a named party. The Court cannot issue a summons for a non-party. Moreover, the Court has already issued a summons to Defendant Fannie Mae, which has appeared through counsel. There is no requirement that the summons indicate that Fannie Mae is a "federal instrumentality."

As to the request for the Court to order "proper representation" for Fannie Mae, that will be addressed in the next motion, but suffice it to say here that Fannie Mae is

represented by an attorney who is licensed to practice in the State of Michigan and in the

Eastern District of Michigan. The Defendants accurately describe the Plaintiffs' motion as

follows:

> "Plaintiffs' Capacity Motion is quite perplexing, but it is not hard to discern
> that it is simply another court filing, in a long line of court filings, designed
> to unnecessarily delay Fannie Mae from enforcing its rights, as well as
> unnecessarily increase the costs of Fannie Mae in enforcing those rights."
> *Defendants' Response Brief* [Doc. #23], p. 10.

> Plaintiffs' motion [Doc. #16] is DENIED.

## B.   Doc. #17

Here, Plaintiffs challenge the capacity of attorneys Potestivo and Associates, P.C.

to represent Defendant Fannie Mae. More specifically, Plaintiffs ask that P&A be

required "to produce a verifiable power of attorney from its alleged unproven client," and

to produce affidavits supporting "their granted authority to act as representatives in this

action."

Chantelle R. Neumann (P70569), a lawyer employed by P&A, represents the

Defendants in this action. She is licensed to practice law in the State of Michigan, and has

been duly admitted to practice in the United States District Court for the Eastern District

of Michigan. Attorneys from P&A have appeared in numerous cases in this District.

Having filed an appearance of counsel and pleadings and motions on behalf of the

Defendants, it is not necessary for counsel to produce a "power of attorney," nor have

Plaintiffs provided any viable support for their argument to the contrary. Indeed, in the

state court case, St. Clair County Circuit Court Judge Daniel J. Kelly rejected the

Plaintiffs' identical argument. *See Defendants' Exhibits C* and *D*.

Finally, I note that I have recommended that Plaintiffs' complaint be dismissed

under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs' motion [Doc. #17] is DENIED.

### C.   Doc. #24

In this motion, Plaintiffs ask the Court to strike the Defendants' response [Doc.

#23] to the above motions. It appears that the first basis of this motion is the same as

above motion #17– that attorney Chantell R. Neumann does not properly represent the

Defendants. For the reasons discussed above, that argument is frivolous.

Secondly, Plaintiffs argue that the Defendants' response to their motions is

deficient because it is unaccompanied by a supporting affidavit. They cited case law to

the effect that a summary judgment motion under Rule 56(c), or a Rule 12(b)(6) motion

that refers to matters outside the record, requires affidavits or deposition transcripts.

Plaintiffs' motions [Doc. #16 and Doc. #17] do not fall within Rule 56(c) or Rule

12(b)(6), and the response to those motions–which are based on issues of law–do not

require affidavits.  This motion [Doc. #24] is DENIED.

**D.   Conclusion**

Plaintiffs' motions [Doc. #16, Doc. #17, and Doc. #24] are all DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: September 1, 2016

**CERTIFICATE OF SERVICE**

I hereby certify on September 1, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants September 1, 2016.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen

-5-